## C. S. HARRIS v. J. M. PETIGREW.

1. FEES. *Sheriff. Attachment.* Where a bill is filed to enforce a vendor's lien and an attachment is prayed for, issued and levied on the land by the sheriff, the land afterwards sold by the clerk and master under a decree in the cause, the sheriff is not entitled to commissions on the amount of the sale (sec. 4564c, Code), but is only entited to his fee for levying the attachment.

2. FEES. *Clerk and Master. Sale of land. Making-report.* Where property is sold by the clerk and master under a decree of the court, he is not entitled to the fee allowed by the sub-sec. 58 of sec. 4551 of the Code for making his report of sale. The commissions allowed by sub-sec. 62 of section 4551, for selling, receiving and paying out the proceeds, covering the entire service.

FROM HAMBLEN.

Appeal from the Chancery Court at Morristown. H. C. SMITH, Ch.

Harris *v.* Petigrew.

J. C. HODGES for complainant.

J. P. EVANS for defendant.

McFARLAND, J., delivered the opinion of the court.

This is an appeal from the action of the chancellor striking out two items in the bill of costs. It was a bill to enforce a vendor's lien; the defendant was charged to be a non-resident or his residence unknown. An attachment was prayed for, which was issued and levied upon the land by the sheriff, but in accordance with the prayer of the bill the land was sold by the master and purchased by the complainant for his debt and costs. The master taxed in the bill of costs $32.48 in favor of the sheriff, under sec. 4564c of the Code, which reads as follows: "That in all cases of attachment suits where the sheriff of any county in this State may levy an attachment and the amount for which the attachment is levied shall be paid or satisfactorily settled, the sheriff levying the same shall be entitled to the same commissions as in cases of execution."

We are very clearly of the opinion that the above section does not apply to a case like this, where the sheriff did nothing, and would not have been required in any event to do anything but write a levy upon the land and return the attachment; for this service the law prescribes a fee, which is all that he is entitled to. Upon this question the chancellor's decree is correct. The case of *Shaw, Barbour & Co.* v. *Armstrong,* 2 Heis., 420, does not authorize the allowance of the

fee to the sheriff in a case like this. This is not an attachment suit proper, although an attachment was prayed for and issued. Nor was the debt paid or settled in the sense of the above section. It was not intended to allow such an unreasonable fee in a case like this.

The next question is, whether the master is entitled. in addition to the commissions allowed by sub-sec. 62 of sec. 4551 of the Code for selling, receiving and paying out the proceeds of property, also to the fee allowed by sub-sec. 58, for making his report of the sale. Sub-sec. 62 allows the clerk: "For selling property under decree of court and receiving, collecting and paying out the proceeds, commissions at the rate of four dollars for the first one hundred dollars; three dollars for every hundred over one and not exceeding three; two dollars for every hundred over three and under five, and one dollar and fifty cents for every hundred over five, until the fees amount to one hundred dollars."

Sub-sec. 58 allows the clerk: "For reports, taking and stating accounts, etc., in which four figures are to be counted as a word, and in which as far as practicable figures must be used for words, per thousand words $1.00."

The master charged his commissions on the sale under sub-sec. 62, amounting to $29.58, and also for his report of the sale under sub-sec. 58, at $7.00. The latter fee was stricken out by the chancellor. By adhering literally to the language of the two *sub-* sections, it might be held that the commissions allowed.

Harris *v.* Petigrew.

by sub-sec. 62, are to compensate the clerk *only* for selling, receiving and disbursing the proceeds, and that making the report of the sale comes literally within the language of sub-sec. 58, and the clerk is, therefore, entitled to both fees.

Yet we think this is not the proper construction, and does not reach the intention of the Legislature. The clerk's duties in regard to the sale are not complete until his report thereof is made and filed; it is a part of the same service required by the decree of sale. The commissions allowed are, in general, ample compensation for the entire labor performed; and if the meaning be doubtful, a construction ought not to be given which allows double fees for substantially the same service. Sub-sec. 58 was intended to apply to other "reports," for which the clerk is not otherwise compensated.

The decree of the chancellor will be affirmed with costs.